IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ELLISON, | No. C06-07522 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| AUTOZONE INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Autozone, Inc.'s Motion To Dismiss (Docket No. 33.) For the following reasons, the Court **DENIES** the motion.

## FACTUAL BACKGROUND

Plaintiff Jimmy Ellison is a former employer of Defendant AutoZone, Inc. His First Amended Complaint, a class action complaint, alleges that Autozone failed to pay him and the putative class all wages earned when they were allegedly forced to work off-the-clock, deprived of meal and rest periods, and issued late final paychecks. (Docket No. 31.) Ellison asserts eleven related claims for state law wage violations, seeking regular, overtime and minimum wages, an injunction and restitution, civil and statutory penalties, liquidated damages, punitive damages, prejudgment interest, and legal fees and costs. (*Id.*)

Counsel for Ellison also represents the plaintiffs in a related class action against the same defendant also pending before this Court: *Moreno et al. v. AutoZone, Inc.*, No. C 05-4432 MJJ

("*Moreno* action"). The operative complaint in the *Moreno* action (C 05-4432, Docket No. 110) asserts nine claims and requests class certification of current and former AutoZone employees who were allegedly forced to work off-the-clock, were deprived of meal and rest periods, and received late final paychecks. The plaintiffs in the *Moreno* action seek unpaid wages, overtime wages, minimum wages, statutory wages, an injunction and restitution, civil and statutory penalties, liquidated damages, prejudgment interest, and attorneys' fees and costs. Unlike Ellison, the *Moreno* plaintiffs do not plead claims for quantum meruit or for inaccurate wage statements. However, there is undeniably significant factual overlap between the operative complaints in the two actions.

In the *Moreno* action, this Court has stayed prosecution of the plaintiffs' classwide claims for alleged meal and rest period violations pending resolution of a state court class action settlement as well as resolution by the California Supreme Court of current pending cases affecting the private right of action for meal and rest period claims asserted by the *Moreno* plaintiffs. (C 05-4432, Docket Nos. 61, 82.) Also in the *Moreno* action, the parties filed a stipulated pre-certification scheduling order on March 2, 2006, which stipulated that the deadline to join additional parties was May 31, 2006. (C 05-4432, Docket No. 31.) Though filed as a stipulated proposed order, this Court did not formally approve the proposed order.

## LEGAL STANDARD

District courts have inherent authority to dismiss duplicative cases brought for purposes of harassment or of evading prior court orders. "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); *see also In re Cypress Semiconductor Litig.*, 864 F. Supp. 957, 959 (N.D. Cal. 1994) ("The filing of a successive, identical class action qualifies as abusive regardless of whether class certification was granted or denied in an earlier case; both scenarios entail unnecessary duplication.") This Court has a duty to "ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand procedural rights he would not otherwise enjoy – particularly for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d. Cir. 1977); *see also Oliney*, 771 F.2d at 859.

## ANALYSIS

AutoZone alleges that Ellison has brought a duplicative class action in an effort to circumvent existing court orders in the *Moreno* case, and seeks dismissal of the entire action on that basis. Ellison denies these allegations, contending that his action is not identical with the *Moreno* action and averring that he brought the class action "[t]o preserve the rights possessed by him and the classes he seeks to represent – rights which were evaporating with the passage of time, due to statutes of limitations." (Opposition at 7:5-7.) Ellison also contends that the various orders entered in *Moreno* do not apply to him as he is not a party to that action. However, Ellison also indicates that he "will be content should this Court choose to . . . consolidate this case with the *Moreno* action, or . . . treat his complaint as an amendment of the *Moreno* complaint." (*Id.* at 5 n.5)

Given the large degree of overlap between the class claims raised in the Moreno action and the instant action, and the fact that plaintiffs in both actions are represented by the same counsel, this Court takes seriously the risk that Ellison's action could be improperly used to expand procedural rights he or other class members would not otherwise enjoy. Though Ellison insists he filed the action to preserve his substantive rights, Ellison could have done so by filing an appropriate administrative or state action, rather than filing an entirely new federal class action that is duplicative in many respects of the pending *Moreno* action. The Court is also troubled that Ellison did not seeking leave from this Court to amend the *Moreno* complaint to add his claims before filing his own action.[1] Ellison's conduct raises at least the specter that his separate action could be used by Ellison or other putative class members to circumvent the various orders and deadlines that apply to the *Moreno* action.[2]

---

[1] Ellison apparently did inquire whether AutoZone would stipulate an amendment adding his claims to the *Moreno* action, but Autozone declined to so stipulate.

[2] However, the Court rejects some of AutoZone's more serious allegations. There is no basis for this Court to conclude that Ellison violated any court order issued in the *Moreno* action, which do not bind him as a non-party. Nor does Ellison's failure to promptly file a Local Rule 3-13 Notice persuade this court that he intended to judge-shop, given that Ellison's initial complaint expressly identified the action as related to the *Moreno* action. Accordingly, the facts before this Court do not present nearly as egregious a situation as in *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331 (D. Md. 2000), in which the district court dismissed a duplicative action and sanctioned the plaintiffs' attorneys. In *Chinn*, plaintiffs' counsel intentionally failed to identify the second case as related in an effort shop for a different judge, and admitted an intent to manipulate the judicial process. Moreover, the joinder in the second *Chinn* action of seventeen plaintiff severed from the first action was a direct violation of a court order that bound those parties. *Id.* at 333-34.

3

Nonetheless, the Court does not find that outright dismissal of Ellison's class action, as requested by AutoZone, is warranted. Though largely overlapping with the *Moreno* class action, Ellison's class action does assert class claims (quantum meruit and inaccurate wage statements), and seeks to represent classes, that are not found in the Moreno action. Dismissal of Ellison's action would not serve to protect the interests of the putative classes unique to Ellison's action.

Moreover, this Court has adequate means at its disposal, short of outright dismissal, to protect against the risk that Ellison's action would provide Ellison or the putative class members an opportunity to forum-shop or avoid the application of this Court's prior orders. All of the limitations that AutoZone contends Ellison is attempting to circumvent – limitations on pre-certification discovery, imposition of a stay pending resolution of state court proceedings, and deadlines for adding lead plaintiffs for the proposed classes identified in the Moreno action – are limitations driven by case-management considerations. It is well within this Court's case-management powers to impose identical or similar limitations on Ellison's actions, as well as make any additional rulings necessary to prevent unnecessarily duplicative proceedings.

The Court therefore declines to exercise its inherent power to dismiss Ellison's action. Instead, it will address the concerns raised by AutoZone at the Rule 16 initial case management conference. Accordingly, the parties should be prepared to discuss and resolve, at the initial case management conference, any and all appropriate measures that this Court should implement to prevent inconsistency and duplicity between the *Ellison* and Moreno actions, and to ensure Ellison and the proposed class members obtain no unfair procedural advantage by proceeding with a separate action. The parties should be prepared, in particular, to address whether a stay of some or all of Ellison's class claims, limitations on discovery, and/or consolidation of the two actions are appropriate.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

Dated:  6/19/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4