United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ELLISON, | No. C06-07522 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| AUTOZONE INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion to Strike. (Docket No. 48.) For the following reasons, the Court **VACATES** the September 18, 2007 hearing in this matter and **DENIES** the Motion.

## FACTUAL BACKGROUND

Plaintiff Jimmy Ellison's Second Amended Complaint alleges that Defendant AutoZone committed minimum wage and overtime violations under both federal and California law. On behalf of all current and former employees of AutoZone, Plaintiff seeks to bring a collective action under the Fair Labor Standards Act (FLSA) and a state law class action under Rule 23 of the Federal Rules of Civil Procedure.

Defendant moves to strike Plaintiff's state law claims on the grounds that: (1) Plaintiff may not concurrently prosecute a FLSA collective action and Rule 23 class action as a matter of law; and (2) the FLSA collective action provides an adequate alternative to a class action for purposes of the Rule 23 superiority requirement.

1  This Court has original jurisdiction over both the federal and state law claims based on
2  Federal Question and the Class Action Fairness Act (CAFA) respectively.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the Court to "[strike] from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is the avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993) (quotations, citations omitted).

However, Rule 12(f) motions are generally disfavored. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *See, e.g., Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 1028 (C.D. Cal. 2002) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.") Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. *See SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). Stated another way, a motion to strike is granted only if "[t]he court [is] convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Jones v. Sweeney*, 2006 WL 1439080, at * 1 (E.D. Cal. May 24, 2006) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Courts have denied Rule 12(f) motions "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382 (1990) (quoted in *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984)). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 955, 965 (C.D. Cal. 2000).

## ANALYSIS

The FLSA provides for participation in the collective action on an opt-in basis. *See* 29 U.S.C.

§ 216(b) (An employee cannot be a plaintiff "unless he gives his consent in writing to become such a party and such consent is filed in the court."). By contrast, under Federal Rule of Civil Procedure 23, each member of the class is bound by the court's judgment unless the class member requests exclusion from the class. Fed. R. Civ. P. 23(c)(2). Defendant argues that the "opt-in" and "opt-out" certification procedures under the FLSA and Rule 23 are incompatible, and thus, cannot be maintained in the same lawsuit.

Defendant relies on *Kinney Shoe v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977) to argue that the certification schemes under Rule 23 and FLSA are "mutually exclusive" and "irreconcilable." However, this reliance is misplaced because *Kinney* merely stands for the proposition that Rule 23 procedures should not be used to certify an FLSA class. *Id.* at 862. Plaintiff does not attempt to certify a FLSA collective class under Rule 23, but rather intends to prosecute both under their respective procedures.

Defendant contends that allowing joint prosecution will essentially allow Plaintiff to get around the FLSA's opt-in requirement. To support this proposition, Defendant cites to several cases including *Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149, at *4 (D. Nev. August 20, 2007) and *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006). Dismissing the plaintiff's state law claims, the *Williams* court reasoned that allowing the two actions to be pursued in one action would inappropriately permit the plaintiff to "circumvent the restrictive opt-in requirements of the FLSA" by utilizing the opt-in procedure available for its state law claim. 2007 WL 2429149, at *4. Along the same vein, the *Otto* court concluded that allowing concurrent opt-in and opt-out actions would "essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." 457 F. Supp. 2d at 524.

The Court does not find this reasoning sufficiently persuasive to render Plaintiff's simultaneous pursuit of FLSA and Rule 23 actions "spurious" or unable to prevail under any circumstance. It is premature to strike Plaintiff's state law claims, especially since this Court has independent jurisdiction over these claims under CAFA. While Defendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs, this is a fact-specific and case management issue that the Court finds

3

1 inappropriate to resolve at the Rule 12(f) stage. Defendant argues that Plaintiff has failed to explain how Rule 23 and FLSA requirements may be reconciled; however, the burden to show otherwise falls on Defendant under the stringent Rule 12(f) standard. *Jones*, 2006 WL 1439080, at * 1. Additionally, courts in this circuit have already concluded that FLSA collective actions and Rule 23 state law class actions are not incompatible and have allowed plaintiffs to pursue both in the same action. *See Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, at *4 (N.D. Cal. August 29, 2007) (denying the defendant's motion to dismiss the plaintiff's state law claims); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 494 (E.D. Cal. 2006) (granting the plaintiffs' motion to certify both a FLSA collective class and Rule 23 class).

Defendant also argues that the FLSA provides an adequate alternative to adjudicate state and federal minimum wage and overtime wage claims for purposes of the superiority requirement in Federal Rule Civil Procedure 23(b)(3). The Court declines to resolve such objections to the Rule 23 class certification at the Rule 12(f) stage. *Cf. Collum v. Oak St. Mortg.*, 2007 WL 580750, at *2 (E.D. Tex. Feb. 14, 2007) ("because the Court has not been presented with a motion for conditional certification, the [c]ourt will not answer that question under the guise of a motion to strike").

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the September 18, 2007 hearing in this matter and **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: September 13, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE